THE STATE v. FRANK CANTRELL, Appellant.— 142 S. W. (2d) 1057.

Division Two, September 10, 1940.

*Roy McKittrick*, Attorney General, and *Ernest Hubbell*, Assistant Attorney General, for respondent.

COOLEY, C.—Defendant was convicted, upon trial to a jury, of the crime of felonious assault with intent to kill, was sentenced to two years' imprisonment in the penitentiary, and has appealed. He has filed no brief in this court. ■ He filed no bill of exceptions in the trial court. The clerk of that court has sent to this court what purport to be copies of a motion for new trial, instructions and other papers said to be on file in his office, but these we cannot consider. They are not parts of the record proper and, unless made part of the record by being preserved by a properly authenticated and filed bill of exceptions, are not before us for review. [State v. Hembree (Mo.), 37 S. W. (2d) 448; State v. Bliss (Mo.), 80 S. W. (2d) 162 and cases cited.] We have for review therefore only the record proper. The only thing in that record that calls for particular mention is the verdict. The verdict being part of the record proper we must notice it.

■ Defendant Cantrell and two others, Hobart Jones and Ival Hanna, were charged jointly, by information, with the alleged felonious assault. They were tried together and the jury returned the following verdict:

"We, the Jury, find the defendants Hobart Jones and Frank Cantrell guilty as charged of felonious assault, and assess their punishment at Two years in the penitentiary and we find the defendant Ival Hanna guilty as charged of felonious assault, and assess his punishment at Twelve months in Jail."

Sec. 3702, R. S. 1929, Mo. Stat. Ann., p. 3258, provides that when several defendants were jointly tried the punishment of each, in case of conviction, must be assessed separately. Sec. 3704, R. S. 1929, Mo. Stat. Ann., p. 3259, provides in substance that if the jury agree upon a verdict of guilty but fail to agree upon the punishment to be assessed or do not declare the punishment by their verdict, the court shall assess and declare the punishment and render judgment accordingly. (Other provisions of that section are not here pertinent.)

In State v. Carroll, 288 Mo. 392, 232 S. W. 699, we had before us a verdict similar in the respect now under consideration to the verdict in the instant case. Discussing present Sections 3702 and 3704, supra (then under different section numbers), the court said that what is now Sec. 3702 had been held mandatory and that "the assessment of a joint punishment is no assessment at all." But the court referred to what is now Sec. 3704, supra, and said that when the jury does not assess a punishment or assesses a punishment not authorized by law "The court shall assess and declare the punishment," (citing and quoting from prior decisions of this court).

In the Carrol case it is in effect held that if the trial court had

fixed the punishment and sentenced the defendants accordingly, the sentences would have been good. We said, citing cases, 288 Mo. 392, 232 S. W. 1. c. 703:

"It is held that, where a jury renders a verdict such as rendered in this case, fixing a joint punishment for crime against several defendants, the error may be corrected if the trial court, in pronouncing the sentence and judgment against the defendant, assesses separately their punishments."

However, in the Carroll case, the trial court did not so fix the punishments and sentence the defendants separately, and the cause was remanded with directions to the trial court to bring the defendants before it and to "assess and declare the punishment of each of said defendants, separately; and otherwise to proceed in the cause as required by law." [Note, there was no direction for a new trial.]

The Carroll case was followed by this Division in State v. Bliss, supra, where, also, the cause was remanded with directions only to bring the (jointly convicted) defendants before it and to assess and declare their punishments separately. In the Bliss case it is said that "Such a (joint) verdict has been held good as a verdict of guilty."

In the instant case the trial court *did* fix and declare the punishment of each defendant separately. The record shows this record entry, after the return of the verdict:

"Punishment of defendant, Hobart Jones, fixed by the Court at a fine of $100.00; punishment of Ival Hanna reduced to a fine of $100.00; punishment of defendant, Frank Cantrell, *fixed* by *the court* at imprisonment in the penitentiary for a term of two years." (Italics ours.)

Following that record entry is one showing the overruling of the motion for new trial, and then follows the record entry of allocution and sentence of this defendant, which is in due form. The trial court followed the course outlined in the Carroll case as sufficient to cure the error or failure of the jury to assess the punishment separately. The information and judgment are sufficient. There being no error in the record presented except that in the verdict, above discussed, which was cured by the action of the trial court, the judgment should be affirmed. It is so ordered. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by Cooley, C., is adopted as the opinion of the court. All the judges concur.